UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO,<br><br>    Plaintiff,<br><br>v.<br><br>POLLOCK 1400 ECR OWNER, LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-00114-JSC<br><br>**ORDER RE: MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 20, 31 |

Rafael Arroyo brings claims for damages and injunctive relief for violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act").[1] (Dkt. No. 16 at 1.)[2] Before the Court are two motions to dismiss Plaintiff's First Amended Complaint. Defendant Pollock 1400 ECR Owner, LLC ("Pollock") moves to dismiss on the grounds that it no longer owns the property/website at issue and therefore the ADA injunctive relief claim should be dismissed as moot. (Dkt. No. 20-1.) In response to this motion, Plaintiff voluntarily dismissed the ADA claim against Pollock. (Dkt. No. 22.) In the other motion to dismiss, defendant PJ Hotel, LLC ("PJ") moves to dismiss on the grounds that Plaintiff does not have standing to bring an ADA or Unruh Act claim against it as it was not the owner or operator of the premises/website at the time of Plaintiff's alleged visit. (Dkt. No. 31-1.) After careful consideration of the parties' written submissions, and having had the benefit of oral argument on September 23, 2021, the Court GRANTS PJ's motion to dismiss the ADA claim for lack of jurisdiction. The Court declines

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 11, 37.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

to exercise supplemental jurisdiction over the remaining Unruh Act claim against Pollock and therefore dismisses that claim without prejudice.

## BACKGROUND

### I.   Complaint Allegations

Plaintiff is a paraplegic and uses a wheelchair for mobility. (Dkt. No. 16 ¶ 1.) Due to Plaintiff's condition, he is unable to, or seriously challenged in his ability to, stand, ambulate, reach objects mounted at heights above his shoulders, transfer from his chair to other equipment, and maneuver around fixed objects. (*Id.* ¶ 15.) When he travels, Plaintiff requires an accessible guestroom and information about accessible features so he can travel "independently and safely." (*Id.* ¶ 16.) Plaintiff planned on traveling to Menlo Park, California in April of 2021. (*Id.* ¶ 13.) He chose the Park James Hotel ("Hotel") because it was "at a desirable price and location." (*Id.* ¶ 15.) Plaintiff visited the Hotel's website reservation system on December 20, 2020 to book an accessible room, but found that insufficient information existed on the website regarding "accessible rooms" to permit Plaintiff to "assess independently whether a given hotel room" would meet his accessibility needs. (*Id.* ¶¶ 19, 26.) Pollock was the owner of the Hotel at the time of Plaintiff's visit to the website. (*Id.* ¶ 2.) On February 4, 2021, the Hotel was foreclosed upon and sold to PJ.[3] (Dkt. No. 20-3 at 5–8; Dkt. No. 31-2 at 5–8.) PJ is the current owner of the Hotel. (Dkt. No. 16 ¶ 2.) Plaintiff will continue to travel to Menlo Park and will patronize the Hotel once it changes its policies regarding website reservation system physical accessibility information. (*Id.* ¶ 29.)

Plaintiff alleges that PJ is liable for injunctive relief under the ADA for a failure to bring the Hotel's website reservation system into compliance. (Dkt. No. 34 at 2.) Plaintiff further alleges

---

[3] Both Defendants request that the Court take judicial notice of Exhibit 1, the Trustee's Deed Upon Sale dated February 4, 2021 and filed in the San Mateo County Recorder's Office, showing the transfer of title of the Hotel property from Pollock by foreclosure. (Dkt. No. 20-3 at 2; Dkt. No. 31-2 at 2.) The Court may take judicial notice of matters that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" such as matters of public record. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court takes judicial notice of the deed since it is a matter of public record and the change of ownership is not in dispute.

2

that Pollock is liable for damages under the Unruh Act for injuries caused by the Hotel website's insufficient information regarding hotel room accessibility given Plaintiff's physical disabilities. (Dkt. No. 16 ¶¶ 2, 6, 8.)

## II. Procedural History

Plaintiff's initial complaint made claims under the ADA and Unruh Act against only Pollock. (Dkt. No. 1 at 1.) Plaintiff subsequently filed his First Amended Complaint and named PJ as an additional defendant. (Dkt. No. 16 at 1.) After Pollock moved to dismiss the First Amended Complaint, Plaintiff voluntarily dismissed Pollock from the ADA claim, but continues to maintain that Pollock is liable for damages under the Unruh Act. (Dkt. No. 23 at 2.) "Plaintiff is not seeking to impose liability under the Unruh Act on Defendant PJ Hotel, LLC." (Dkt. No. 34 at 2.) Thus, Plaintiff presently makes an ADA claim against PJ Hotel and an Unruh Act claim against Pollock.

## DISCUSSION

### I. PJ's Motion to Dismiss

PJ first moves to dismiss the ADA claim against it on the grounds that Plaintiff does not have standing to sue since PJ was not the owner of the Hotel at the time Plaintiff allegedly visited the Hotel's website. (Dkt. No. 31-1 at 3.)

To bring a claim in federal court, a plaintiff has the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (clarifying that the party invoking federal jurisdiction bears the burden of establishing the elements required for standing). A plaintiff must demonstrate that (1) he has suffered an injury-in-fact, (2) the injury was caused by the defendant's actions, and (3) redressability of the injury is likely, given a favorable decision. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). However, if "the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (internal quotation marks and citation omitted).

Plaintiff has not alleged and cannot allege that his injury—his December 20, 2020 visit to the Hotel's website reservation system—was caused by PJ. He does not dispute that PJ did not purchase the Hotel until February 4, 2021. (Dkt. No. 20-3 at 2; Dkt. No. 31-2 at 2.) As PJ did not

3

become the owner until after Plaintiff visited the website reservation system, PJ cannot have caused Plaintiff's injury; the injury, if any, was caused by Pollock--the owner/operator of the Hotel and its website at the time of Plaintiff's visit.

The cases upon which Plaintiff relies are inapposite. Plaintiff argues that *Hodges v. El Torito Rests., Inc.*, No. C-96-2242 VRW, 1998 WL 95398 (N.D. Cal. Feb. 23, 1998), implies that a current owner may be liable for ADA violations present when the plaintiffs encountered barriers under a previous entity's ownership. (*See* Dkt. No. 34 at 2.) Not so. The *Hodges* court did not address standing nor discuss whether the plaintiffs' injuries occurred under the building's prior ownership. In any event, the defendant's decision to pay Unruh Act damages (the case had settled) suggests that the plaintiff visited the premises while owned by the defendant; that is, that the defendant caused the injury. Here, in contrast, Plaintiff dismissed the Unruh Act claim against PJ in acknowledgment that PJ did not cause Plaintiff's December 2020 injury.

Similarly, in *Lonberg v. Sanborn Theatres Inc.*, 259 F.3d 1029 (9th Cir. 2001), there is no suggestion that the defendant theater owner did not own the theater at the time the plaintiffs visited the theater and experienced their injury; thus, the case in no way supports Plaintiff's insistence that he has Article III standing to sue PJ. *See also Lane v. Landmark Theatre Corp.*, No. 16-CV-06790-BLF, 2020 WL 1976420, at *1-2 (N.D. Cal. Apr. 24, 2020) (the defendant theater owner acquired the theater in 2015 and the plaintiffs visited the theater in 2016 and 2017); *Lemmons v. Ace Hardware Corp.*, No. 12-CV-03936-JST, 2014 WL 3107842 (N.D. Cal. Jul. 3, 2014) (defendant owner did not argue that it did not own the premises at the times the plaintiff visited). Plaintiff does not cite, and the Court is not aware of, any case in which a court held that a plaintiff had standing to pursue an ADA access discrimination claim against a defendant who had nothing to do with the premises at issue at the time of the plaintiff's injury.

As Plaintiff has not met his burden to establish Article III standing, the Court lacks jurisdiction over the ADA claim against PJ. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought."); *see also Reniger v. Hyundai Motor Am.*, 122 F.Supp.3d 888, 895 (N.D. Cal.

4

1  2015) ("[W]here there are multiple defendants and multiple claims, there must exist at least one

2  named plaintiff with Article III standing as to each defendant and each claim.").

3  **II.    Pollock's Motion to Dismiss**

4  Having determined that Plaintiff does not have standing to bring his ADA claim against PJ,

5  the remaining claim is Plaintiff's Unruh Act claim against Pollock. Pollock urges the Court to

6  dismiss the Unruh Act claim on the merits; that is, that drawing all reasonable inferences in

7  Plaintiff's favor, the alleged website deficiencies do not violate the Unruh Act. The Court declines

8  to reach the merits of this state law claim.

9  Having dismissed the federal ADA claim, the only basis for jurisdiction of the Unruh Act

10  claim is supplemental jurisdiction. 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs.,

11  Inc.*, 545 U.S. 546, 558 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over

12  other claims within the same case or controversy, as long as the action is one in which the district

13  courts would have original jurisdiction."). Section 1367(a) "confirms the discretionary nature of

14  supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its

15  exercise." *City of Chicago v. Int. Coll. of Surgeons*, 522 U.S. 156, 173 (1997). One such

16  circumstance is when "the district court has dismissed all claims over which it has original

17  jurisdiction." 28 U.S.C. § 1387(c).

18  As the federal ADA claim has been dismissed for lack of standing, and there is no basis for

19  jurisdiction over the state law Unruh Act claim other than supplemental jurisdiction, the Court

20  declines to exercise that discretionary jurisdiction and instead dismisses the Unruh Act claim

21  without prejudice. *See Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1000 (9th Cir.), supplemented,

22  121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) ("[S]tate law claims 'should' be

23  dismissed if federal claims are dismissed before trial.") (emphasis omitted).

## CONCLUSION

25  For the reasons explained above, PJ's motion to dismiss the ADA claim is GRANTED for

26  lack of jurisdiction. The Court declines to exercise supplemental jurisdiction of the remaining

27  Unruh Act claim and dismisses that claim without prejudice.

28  //

This Order disposes of Docket Nos. 20, 31. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2021

*Jacqueline Scott Corley*
_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge